

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 6, 1948

Honorable Will R. Wilson, Jr.　　　　Opinion No. V-514
District Attorney
Dallas, Texas　　　　　　　　　　　Re: The disposition to be
　　　　　　　　　　　　　　　　　　　made by the Tax As-
ATTN: Hon. Douglas E. Bergman　　　　sessor-Collector of
　　　First Assistant　　　　　　　　partial payments on
　　　　　　　　　　　　　　　　　　　accrued delinquent
　　　　　　　　　　　　　　　　　　　ad valorem taxes.

Dear Mr. Wilson:

Your request for an opinion of this office dated January 30, 1948, supplemented by the letter from the assistant state auditor and your subsequent letter to us giving more specific information may be reduced to the following question:

What disposition should be made of $1,586.64 deposited in the County Depository as delinquent ad valorem taxes by the former tax collector, now deceased, received by him in partial payments and found to his credit in the depository at the time of his death?

You state that of this amount $642.55 was collected from July 1, 1937, to March 1, 1939. We shall dispose of this part first. As you are aware, within the dates indicated here, there existed statutory authority for the tax collector to receive payments from taxpayers in installments or partial payments. This is covered by Article 7345c, V.C.S., which expired by its own terms February 28, 1939. The pertinent provision of this statute read as follows:

"All of such installments paid by such delinquent taxpayers shall immediately become the property of the State of Texas and the respective County wherein the assessed property is situated or located, in such proportion as is necessary to satisfy the taxes, penalty, and interest delinquent and due to each, and the taxpayer shall in no event be entitled to a refund thereof, or to any portion of the same." (Emphasis added)

This statute affords specific authority as to the disposition of the sum of $642.55 presumably collected by the tax collector under the terms of this Act. The commissioners' court should now order this sum of $642.55 disbursed by the depository as required by Article 7250, V.C.S., which reads as follows:

"Except as to compensation due such tax collector as shown by his approved reports, tax money deposited in county depositories shall be paid by such depositories only to treasurers entitled to receive the same, on checks drawn by such tax collector in favor of such treasurer."

We turn next to the disposition to be made of the balance of this money, $944.09, concededly collected by the tax collector without authority. Except as may be provided by statute, the tax collector has no authority to receive from a delinquent taxpayer any sum less than the full amount of taxes, penalty, and interest due, which were delinquent for any one year on any one tract separately assessed for that year. Any arrangement between the tax collector and the taxpayer for the payment of his taxes in installments or partial payments, not provided for by statute, is strictly a private matter between the tax collector and the taxpayer, and not binding upon the State and county, unless ratified by such taxing authority.

It was stated in Scisson v. State, 51 S. W. (2) 703 (Ct. Crim. App.) that:

". . . The judicial precedents are to the effect that private arrangements for payment (differing from the statutory method), made between the collector and taxpayers, and performance thereof, are at the risk of the parties thereto, and not of the state or county.. . ."

The principle of law is stated by Judge Fly in the case of San Antonio Suburban Irrigated Farms v. Bexar-Medina-Atascosa Counties Water Improvement District No. 1, 49 S W. (2) 511 (Ct. Civ. App.), as follows:

". . . The laws for the collection of taxes, by implication at least, forbid a resort to other methods of collecting taxes than the statutory method.. . ."

In brief, it is our conclusion that such sums as were paid to the tax collector by taxpayers in an amount less than the taxes delinquent for any one year on any one tract separately assessed for that year based upon a private agreement between the

tax collector and the taxpayer is wholly unauthorized. Such payments do not constitute the collection and payment of taxes as provided by statute. The tax collector merely holds such funds as trustee in his individual capacity for the person paying the same to him and such funds do not belong to the State and county. In other words, they are not public funds, and should be returned to the respective persons to whom they belong by proper order of the commissioners' court. Such funds do not now have, and have never had, any proper place in the county depository.

If it should now develop that the original payors have died, and their heirs or devisees can be located, such funds should be paid to them; or, if such original payors have disappeared and cannot be located, then we know of no other method of disposing of these funds except under the law of escheat.

## SUMMARY

Delinquent taxes paid to the county tax collector in installments or partial payments under statutory authority as existed prior to March 1, 1939, and deposited in the county depository, constitute public funds and should be paid to the county and state treasurer in such proportion as is necessary to satisfy the taxes, penalty, and interest due to each. If, however, such partial payments are thereafter paid to the tax collector upon a private arrangement by the payor and the tax collector and without statutory authority, such payments do not constitute public funds, but remain the private funds of the payor and should be returned to such payor if he is living and can be located; if deceased, then to his heirs or devisees. If the legal owner cannot be located, then such funds would be subject to escheat. Article 7345c, V.C.S.; Art. 7250, V.C.S.; Scisson v. State, 51 S.W. (2) 703 (Ct. Crim. App.); San Antonio Suburban Irrigated Farms v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1, 49 S.W. (2) 511 (Ct. Civ. App.).

Very truly yours

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL

LPL/JCP

ATTORNEY GENERAL OF TEXAS

By

L. P. Lollar
Assistant